**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TRARMS, INC., et al.,

    Plaintiffs,

v.                                                        Case No. 16-14229

LEAPERS, INC., et al.,

    Defendants.

                                                         /

## NOTICE REGARDING MAY 3, 2017 MOTION HEARING

Two motions are currently pending before the court: a motion to dismiss (Dkt. # 4) and a motion to transfer the case to the Southern District of Indiana (Dkt. # 5), both filed by Defendants Leapers, Inc. and Continental Incorporated Inc. A hearing is currently scheduled for 2:00 p.m. on May 3, 2017, in Port Huron, Michigan. (Dkt. # 11.) The court has reviewed the briefings on the motion to dismiss and, at the hearing, will seek the parties input on an issue that has gone largely unaddressed.

Neither party's briefing dedicates substantial attention to the choice of law questions presented by the underlying claims. With respect to the defamation claims, Defendants quote *Talmer Bank & Trust v. Parikh*, 304 Mich. App. 373, 393, *vacated on other grounds*, 497 Mich. 857 (2014), stating, "The Restatement Conflict of Laws, 2d, has generally been followed and applied by Michigan courts" and that "Section 149 of the Second Restatement applies [] 'the local law of the state where the publication occur[ed][.]'" (Dkt. # 4, Pg. ID 59 n.6. (citing § 149).)

There are essentially three categories of allegedly defamatory statements complained of, involving four different states: the letters to customers in Michigan and

California, the statements to law enforcement in Indiana, and the arrest in Nevada. Defendants aver that the law is not materially different across these jurisdictions, (Dkt. # 4, Pg. ID 60 n.6.)

However, the court's research suggests that Michigan and Indiana law conflict. Under Michigan law, statements made to the police when reporting crimes or assisting the police in investigating crimes are protected by an absolute privilege. *Eddington v. Torrez*, 311 Mich. App. 198, 203, 874 N.W.2d 394 (2015) (per curiam) ("The simple fact is that *Shinglemeyer* [*v. Wright*, 124 Mich. 230, 82 N.W.887 (1900)] created an absolute privilege that arises in the context of a defamation claim and covers any report of criminal activity to law enforcement personnel, and *Shinglemeyer* remains the law."). Indiana, conversely, applies only a qualified privilege. *See Williams v. Tharp*, 914 N.E.2d 756, 762 (Ind. 2009); *Hartman v. Keri*, 883 N.E.2d 774, 778 (Ind. 2008) ("Citizens reporting suspected criminal activity to law enforcement enjoy only a qualified privilege, which subjects them to the risk of retaliatory civil litigation for malicious or unfounded charges.") (citations omitted); *Indiana Nat. Bank v. Chapman*, 482 N.E.2d 474, 479 (Ind. Ct. App. 1985) ("The undisputed facts indicate that the Bank's communication was made to Sergeant York during the course of a legitimate law enforcement investigation. Consequently, the Bank is entitled to the qualified privilege[.]").

There appears to be a conflict of law material to the court's ability to resolve the motion to dismiss that is not substantially addressed by either party's briefing. In addition to the issues raised by the parties' briefs, the court will seek the parties' input

on the choice of law question, and whether its understanding of the relevant states' substantive law is correct, at the May 3 hearing. Accordingly,

IT IS ORDERED that the parties are DIRECTED to be prepared to discuss the conflict-of-law matter outlined above at the motion hearing presently scheduled for May 3, 2017.

s/Robert H. Cleland           /<br>
ROBERT H. CLELAND<br>
UNITED STATES DISTRICT JUDGE

Dated: May 1, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 1, 2017, by electronic and/or ordinary mail.

s/Lisa Wagner                  /<br>
Case Manager and Deputy Clerk<br>
(313) 234-5522