**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TRARMS, INC., et al.,

    Plaintiffs,

  v.                                            Case No. 16-14229

LEAPERS, INC., et al.,

    Defendants.
                                        /

**OPINION AND ORDER GRANTING JOINT MOTION TO DISMISS COUNT II**

On May 10, 2017, the court entered an opinion and order granting in part and denying in part a motion to dismiss the complaint jointly filed by Defendants Leapers, Inc. ("Leapers") and Continental Incorporated, Inc. ("Continental"). (*See* Dkt. # 24.) Plaintiffs Trarms, Inc. and Chuanwen "Charlie" Shi have since filed an amended complaint, re-asserting the claims the court dismissed without prejudice in its prior order. Now before the court is Defendants' joint motion to dismiss one of those claims—Count II, alleging violations of Section 2 of the Sherman Antitrust Act, 15 U.S.C. § 2. (Dkt. # 26.) The motion is fully briefed and a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2).

In its prior order, the court found that Plaintiff's had failed to allege that Defendants possessed or exercised "[m]arket strength that approaches monopoly power (the ability to control prices and exclude competition)[, which] is a necessary element for showing a dangerous probability of achieving monopoly power[,]" *Partner & Partner, Inc. v. ExxonMobil Oil Corp.*, 326 Fed. Appx. 892, 899 (6th Cir. 2009), itself a necessary predicate for any claim under § 2. (Dkt. # 24, Pg. ID 643-44.) Plaintiffs'

amended complaint fails to cure that deficiency. The amended complaint differs from the original primarily by adding allegations that "Leapers['] market strength continues to rise as it slowly poaches participants from the market and . . . . Defendants, upon information and belief, single-handedly restricted output by positioning themselves so that no one else sells or will sell Trarms products" (Dkt. # 25, Pg. ID 685-86) and that "[t]here is a dangerous probability that Leapers will achieve monopoly power by slowly exclusing [sic] participants from the market[.]" (*Id.*)

These allegations do not describe the market strength actually exercised by Leapers, and the means by which Defendants allegedly excluded Plaintiffs and Plaintiffs' customers were unconnected to Leapers' position in the market. As a result, beyond Plaintiffs' conclusory allegation, the amended complaint remains devoid of facts sufficient to make a plausible case that Leapers is dangerously close to achieving monopoly power. The court finds that Plaintiffs have not cured the deficiencies that led this court to dismiss their claims under § 2. As a result, the court will grant the motion, and will again dismiss this claim.

Moreover, Plaintiffs have represented to the Sixth Circuit that Leapers is merely a bit player in a market that "appears to be fragmented and highly competitive with a number of manufacturers and producers. [And there is a] [l]ack of any evidence of Leapers having any sizeable share of the rifle scope market." Case No. 17-1007, Dkt. # 26, Pg. 60. Give that this court has already afforded Plaintiffs one chance to plead facts giving rise to a reasonable inference of monopoly power, and Plaintiffs' representations to the Sixth Circuit suggesting that the realities of the market prevent them from making the requisite allegations in good faith, the dismissal will be with prejudice. Accordingly,

2

IT IS ORDERED that Plaintiff's motion to dismiss Count II of the amended complaint (Dkt. # 26) is GRANTED.

                                                s/Robert H. Cleland
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated: August 9, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 9, 2017, by electronic and/or ordinary mail.

                                                s/Julie Owens
                                                Acting in the Absence of Lisa Wagner
                                                Case Manager and Deputy Clerk